THE PEOPLE vs. MOORES, impleaded with Moores.

Where an infant is under a legal obligation to do an act, he may, in general, bind himself by a contract for its performance, which will be valid notwithstanding his infancy.

Accordingly, in an action on a bond executed pursuant to the statute by the reputed father of a bastard child, conditioned to indemnify the town; *held* that a plea that the defendant was an infant at the time of the execution of the obligation was no defence.

The People *v.* Moores.

DEBT on a bastardy bond in the penalty of $500, conditioned that the defendant Daniel B. Moores, the father of the child, would indemnify the city of New-York, where the child had been born, and every other county, &c. which might be put to any expense for the support of the child, or of its mother during her confinement and recovery therefrom, against all such expenses. Breach, that the defendant had not indemnified the city of New-York, &c. and the city, after the making of the bond, had been obliged to expend divers large sums of money for the support of the child, &c. *Plea*, by the defendant Daniel B. Moores, the father of the child, that he was an infant within the age of twenty-one years at the time of the making of the writing obligatory. *Replication*, setting out regular proceedings for the arrest of the said Daniel B. as the reputed father of the child, his arrest, an order of filiation, and that the said Daniel B., with his father Daniel Moores, thereupon entered into the bond in question; whereupon the justices discharged the said Daniel B. from his arrest; concluding with a verification. Demurrer and joinder.

*J. W. Brown,* for the defendant.

*D. McMahon, Jr.* for the plaintiffs, cited 1 *R. S.* 642, 643, §§ 2, 13, 14, 15; 4 *Mass.* 376; 25 *Wend.* 698; 1 *Mason's Rep.* 83; 6 *Mass.* 78, 80; 3 *Hill,* 149; 3 *Wend.* 391; 5 *Esp. R.* 131; 1 *Denio,* 460.)

*By the Court,* BRONSON, Ch. J. When an infant is under a legal obligation to do an act, he may bind himself by a fair and reasonable contract made for the purpose of discharging the obligation. If this be not a general rule, it is at the least one of pretty wide application, as a few examples will prove. An infant is bound to pay a judgment, or a debt contracted for necessaries; and he may make a valid promise to refund the money to any one who will satisfy the judgment or debt. (*Clarke* v. *Leslie,* 5 *Esp. R.* 28; *Randall* v. *Sweet,* 1 *Denio,* 460.) An infant is under a legal obligation to provide for the

support of his wife and children, and he is answerable on his contract for necessaries furnished to them. (*Turner* v. *Trisby*, 1 *Stra.* 168; *Bull. N. P.* 155; *Reeve's D. R.* 234.) After an order of filiation, an infant is bound by law to support his illegitimate child; (1 *R. S.* 642, § 2;) and there can be no doubt but that his promise to pay for necessaries furnished to the child would be valid. The statute also obliges an infant to indemnify the city, town, or county, against the expenses of supporting his illegitimate child, and makes it necessary for him to enter into a bond with sureties for that purpose, as the only means by which he can obtain a discharge from arrest; (*Id. p.* 645, §§ 14, 15;) and I think the statute has given him a legal capacity to make a binding obligation. In *Baker* v. *Lovett*, (6 *Mass.* 80,) Parsons, Ch. J. said, infants are bound by all acts which they are obliged by law to do. (*See also U. S.* v. *Bainbridge*, 1 *Mason*, 83; *The People* v. *Mullin*, 25 *Wend.* 698; *Winslow* v. *Anderson*, 4 *Mass.* 376.) We are of opinion that infancy is not a good defence to this action.

Judgment for the people.