LEONARD GILMAN *v.* WILLARD ANDRUS.

*Husband and wife.*

A husband is liable for property, suitable to his situation and circumstances in life, which is procured by his wife while she is living with him, if, after knowledge of the fact, he permit her to retain it; and especially where the person who furnishes the property has reason to believe, from his previous dealings with the husband, that the wife is authorized to contract for it.

BOOK ACCOUNT. The facts in the case are sufficiently stated in the opinion of the court, which, after argument by

*Edson* & *Aldis* for the defendants ; and by

*G. F. Houghton* and *H. R. Beardsley* for the plaintiff,

was delivered by

ISHAM, J. The only matter in dispute, in this case, is in relation to item No. 5, in the plaintiff's account, it being for a plate of mineral teeth prepared for the defendant's wife. The auditor has found that the plaintiff rendered the service, and that the charge is reasonable in amount, but that no express promise has ever been made by the defendant to pay the account. The question arises, whether one will be implied.

The plate was furnished while the defendant and his wife were living together, and was suitable to the defendant's circumstances and station in life. It is expressly found that the defendant permitted his wife to keep the plate, after it came to his knowledge that she had procured it of the plaintiff. The fact that the defen-

17

dant did not then repudiate the contract, and cause the plate to be returned, will render him liable for what it was reasonably worth. In *Waithman* v. *Wakefield*, 1 Camp. 121, Lord Ellenborough held that, "where a husband is living in the same house with his wife, " he is liable to any extent for goods which he permits her to re- " ceive there; she is considered as his agent, and the law implies a " promise on his part to pay the value." Cohabitation itself fur- nishes presumptive evidence of the husband's assent to contracts made by the wife for necessaries suitable to his degree and estate; 2 Smith's Lead. Cas. 372. The assent of the husband arising from that circumstance may be rebutted; but nothing existed in this case at the time the plate was furnished, that affected that presumption. The plaintiff, from the previous dealings which he had had with the defendant, had reason to believe that the wife was authorized to con- tract for the plate. It is stated by the auditor that the plaintiff had been previously, and shortly before the plate was contracted for, employed by the defendant's wife as a dentist, for which servi- ces the defendant does not dispute his liability. The defendant also had a previous conversation with the plaintiff in relation to furnishing the plate, in which the defendant told him that he should have the work done as soon as he was able. Those circumstances, in connection with the fact that he has permitted his wife to retain the plate during the whole period of their cohabitation, are sufficient to show her authority to make the purchase, and the defendant's liability; even, if the plate could not strictly be treated as neces- saries. We are satisfied, however, that the defendant is liable up- on either of those grounds.

The judgment of the county court is affirmed.