Nov. Term,
1856.

GAVIN
v.
BURTON.

Tuesday,
November 25.

GAVIN and Another *v.* BURTON and Another.

The infant father of a bastard child may settle with the mother, and execute the instruments necessary in making such settlement.

In a suit upon such an instrument the plea of infancy is bad.

APPEAL from the *Franklin* Circuit Court.

PERKINS, J.—Action by *Burton* and *Burton* against *Gavin* and *Gavin,* upon a promissory note. The suit was commenced before a justice of the peace. One of the defendants pleaded infancy. The case went by appeal to the Circuit Court.

On the trial it appeared that the note was executed by the infant *Gavin,* with his father as surety, upon a compromise with the mother of a bastard child, of a prosecution for bastardy against said *Gavin,* before a justice of the peace (1).

Properly, perhaps, these facts should have been replied to the plea of infancy, in order to have justified the admission of the evidence. But the suit was commenced before a justice of the peace, where strict rules do not prevail, and no question has been made upon the admissibility of the evidence, and we raise none. The case stood in the Circuit Court upon the pleadings, and governed by the rules of evidence, &c., prevailing before the justice. The Court below overruled the defense to the note. It did right. "The infant is bound for necessaries for his wife and his children; for, by law, he is permitted to marry, and, therefore, can enter into such contracts as are necessary to the existence of the relation of husband and wife. He is also liable for the debts of his wife which existed at the time of coverture." Reeves's Dom. Rel. 233.—*Butler* v. *Breck,* 7 Met. 164. And, because the law permits him to contract marriage, as incident to such power, he can release a party from a contract to marry him. *Develin* v. *Riggsbee,* 4 Ind. R. 464.

So, as the law authorizes an infant father of a bastard

child to settle with the mother, and secure to her compensation for keeping such child, it impliedly gives him the power to execute instruments necessary in making such settlement; and it would surely be greatly injurious to the infant to deny him such power. This point might be elaborated and illustrated, but it cannot be necessary.

*Per Curiam.*—The judgment is affirmed with costs, and 5 per cent. damages.

*J. D. Howland* and *J. R. Coverdill*, for the appellants.
*G. Holland*, for the appellees.

(1) The following facts, in addition to those stated in the opinion of the Court, appear from the record:-

The note in suit was assigned to the *Burtons* by one *Johnson Snoddy.*

In the Circuit Court the defendants waived the general issue and filed separate answers. *Gavin*, Jun. answered that at the time of executing said note he was an infant under the age of twenty-one years. *Gavin*, Sen. answered that on the 18th day of *January*, 1850, *Johnson Snoddy* executed a note to one *Noah Mendenhall* for 69 dollars and 14 cents, due one day after date, and that said note was, on the 6th day of *June*, 1850, assigned by said payee to *Gavin*, Jun., who, on the 20th day of *December*, 1851, assigned the same to *Gavin*, Sen., and demanded that so much of said note be set off against the plaintiff's note as would satisfy it.

The cause was submitted to the Court for trial, and it was proven that *Margaret Snoddy*, an unmarried daughter of *Johnson Snoddy*, prosecuted *Gavin*, Jun. for bastardy, and that the prosecution was compromised by *Gavin*, Jun. executing notes with *Gavin*, Sen. as security, amounting in all to 175 dollars; that the note sued on was one of them; that the notes were made payable to *Johnson Snoddy*, for convenience of transfer; that the notes remained in the hands of *Holland*, the attorney of *Margaret*, until the transfer to the *Burtons;* that the proceeds went to the girl's benefit; and that *Johnson Snoddy* was insolvent. It was also shown that *Gavin*, Jun. was an infant at the time he executed the note; and the note of *Snoddy* to *Mendenhall*, with the indorsements, were introduced in evidence. The Circuit Court gave judgment for the complainant for the sum of 32 dollars and 75 cents.

The defendants appealed to this Court, and the following questions were presented for consideration:

1. Is the answer of infancy sufficient?
2. Was the note of *Johnson Snoddy* admissible as a set-off?