## WARNER and RYAN vs. HEIDEN.

HUSBAND AND WIFE: *Liability of husband for fees of attorney employed by his wife.*

1. A husband who prosecuted his wife to compel her to find sureties to keep the peace (under chapter 175, R. S.), and failed to sustain the charges brought against her, *held* liable for the reasonable fees of attorneys employed by her to defend her against such prosecution, on the ground that such legal services were *necessaries.*
2. It appearing that the husband was present when such services were rendered, and did not object thereto, LYON, J., is of the opinion that he might for that reason be held bound by an implied promise to pay for them.

APPEAL from the Circuit Court for *Winnebago* County.

The defendant appealed from a judgment against him. The facts are stated in the opinion.

*Hudd and Wigman,* for appellant, cited *Sturtevant v. Starin,* 19 Wis.; 268; *Johnson v. Williams,* 3 Iowa, 97; *Wing v.*

*Hurlburt*, 15 Vt., 607; *Shelton v. Pendleton*, 18 Conn., 417; *Phillips v. Simmons*, 11 Abb. Pr. R., 287; *Morrison v. Holt*, 42 N. H., 478, 480; *Grindell v. Godmand*, 13 Leg. Obs., 467.

*Warner & Ryan*, respondents, in person, cited *Sturtevant v. Starin*, 19 Wis., 268; *Turner v. Rookes*, 37 Eng. C. L., 35; *Morris v. Palmer*, 39 N. H., 123; *Shepherd v. Mackoul*, 3 Campb., 326; *Tyler* on Inf. & Cov., 354, 356; 2 Bishop on M. and D., §§ 388, 390; 2 Kent's Comm. (11th ed.), *148; *Brown v. Ackroyd*, 34 Eng. L. and E., 214.

LYON, J.   It appears by the complaint and evidence in this action, that the defendant prosecuted his wife before a justice of the peace to compel her to find sureties to keep the peace, pursuant to the provisions of chap. 175 of the Revised Statutes. On his complaint charging that she had threatened to commit personal violence upon him, the justice issued a warrant for her arrest, and she was arrested and brought before such justice for examination.   Mrs. Heiden thereupon employed the plaintiffs, who are attorneys-at-law, and constitute the law firm of Warner and Ryan, to defend her upon such examination, and they discharged that duty.   The magistrate decided that the prosecution had failed to prove that there was just cause to fear that such threatened offense would be committed by the accused, and discharged her from custody.   It further appears that Mrs. Heiden was living with the defendant, and was supported by him at that time.

This action was brought by the plaintiffs to recover of the defendant the amount of a very moderate bill for such services. It is admitted that the services were not rendered at the request of the defendant, and that he has never expressly promised to pay for them.

The plaintiffs recovered judgment for $10 damages, and costs of suit, which judgment, on appeal, was affirmed by the circuit court for Outagamie county.   From the judgment of the circuit court affirming that of the justice, the defendant has appealed to this court.

The question to be determined is, whether the defendant is legally liable for the services of the plaintiffs, rendered by them under these circumstances.

The husband is under legal obligations to support his wife, and nothing but wrongful conduct on her part can free him from such obligation. If he fails to provide her with suitable and proper necessaries, any third person who does provide her therewith, may maintain an action against him for the same. 1 Bishop on Mar. and Div., sec. 553. The same learned author, in the next section (sec. 554), thus defines what are necessaries which the husband is bound to furnish to his wife: "And, in general, we may say, that necessaries are such articles of food, or apparel, or medicine, or such medical attendance and nursing, or such provided means of locomotion, or provided habitation and furniture, *or such provision for her protection in society*, and the like, as the husband, considering his ability and standing, ought to furnish to his wife for her sustenance, and the preservation of her health and comfort." This definition of necessaries seems to us to be strictly correct; and unless the services of the plaintiffs come within it—unless they were *necessaries*, within the meaning of the law—in the absence of any agreement by the defendant to pay therefor, the plaintiffs ought not to recover in this action.

Were the professional services of the plaintiffs *necessaries* furnished to Mrs. Heiden, for which the defendant is liable? It is well settled both in this country and in England, that where the conduct of the husband is such that it becomes necessary for the wife to exhibit articles of the peace against him for her safety and protection, the husband is liable for the necessary expenses of the proceedings, including attorneys' fees. The leading case in England on this subject is that of *Shepherd v. Mackoul*, 3 Campb., 326; and in this country, *Morris v. Palmer*, 39 N. H., 123, seems to be a leading case on the same subject.

*Shepherd v. Mackoul* was an action on an attorney's bill for busi-

ness done on the retainer of the defendant's wife. It appeared that the defendant, without just cause, had turned his wife out of doors with circumstances of great violence, and that she exhibited articles of the peace against him prepared by the plaintiff. The first part of the plaintiff's bill was for his services in preparing such articles. Lord ELLENBOROUGH said: "The defendant's liability for the first part of the charge will depend upon the necessity of exhibiting articles of the peace against him. * * * * But if she was turned out of doors in the manner stated, she carried along with her a credit for whatever her preservation and safety required. She had a right to appeal to the law for protection, and she must have the means of appealing effectually. She might, therefore, charge her husband with the necessary expense of this proceeding, as much as for necessary food and raiment."

*Morris vs. Palmer, supra,* was also an action upon an attorney's bill for services rendered on the retainer of defendant's wife in a prosecution instituted by her against her husband, and which resulted in an order being made by the magistrate before whom the proceedings were pending, requiring him to recognize for his good behavior. The defendant was held liable to pay the bill, and EASTMAN, J., who wrote the opinion, after stating the general principle of law, that the husband is liable for necessaries furnished to the wife, says: "It appears to us that these principles, carried out, must make the husband liable for the necessary costs incurred in the prosecution against him, upon complaint of the wife, for a breach of the peace. It is as important that her person be protected from brutal outrage and violence, as that her necessary food and clothing should be supplied. Both are for her preservation, and her husband should be as much bound to fulfil her contracts in the one case as in the other. The case of violence, however, would seem to be one of the greater necessity." (Page 126.)

All of the cases cited by counsel for defendant in their brief, with a single exception, are divorce cases, and all of them, I

think, without exception, admit that the above cases of *Shepherd v. Mackoul, and Morris v. Palmer* were correctly decided.

Now if the husband is liable, on the retainer of the wife, to an attorney for professional services rendered by him in exhibiting articles of the peace against the husband (there being sufficient grounds therefor), it seems to us that he must be liable, in like manner, in a case where he exhibits similar articles against her and causes her arrest on a groundless charge. If the services of the attorney *are necessaries* in the one case, we think that their character is the same in the other case.

The defendant had caused his wife to be arrested, and was endeavoring to compel her to find sureties to keep the peace, or, in default thereof, to send her to prison. He had made a charge against her which he was unable to substantiate. He had withdrawn from her that protection which it was his duty to give her, and had, without cause, put her in custody, and was endeavoring to use the machinery of the law to inflict upon her still greater evils. True, he did not beat her with a club, nor lock her in a dungeon, but he deprived her of her liberty, and endeavored in a certain contingency to have her confined in the county jail for some period not exceeding six months; and this without cause. It is idle to say, that, under the circumstances of this case, legal advice and assistance was not necessary for her protection and safety. And the same being necessary, and having been rendered by the plaintiffs, all of the cases hold the principle, and we now add another to the list, that he must pay therefor.

I am inclined to think that the action can be maintained on another ground. It was proved at the trial that the defendant was present when the services in question were rendered by the plaintiffs, and made no objection thereto. The case of *Shepherd v Mackoul, supra*, is authority for holding that, from such failure to object, a promise by the defendant to pay for such services may be fairly inferred.

In that case, a part of the plaintiff's bill was for defending

the wife upon an indictment against her for keeping a bawdy house. Lord ELLENBOROUGH said: "With respect to the defense upon the indictment, as the defendant knew and approved of the business his wife carried on, and was aware of the prosecution, *without expressing any dissent to the plaintiff's defending her*, I think a promise may be fairly inferred on the part of the defendant to pay the plaintiff for his labor in conducting the defense."

We do not rest our decision, however, on any implied promise by the defendant to pay for these services; but put it upon the ground above stated, of the husband's liability to pay for necessaries furnished his wife, so long as she is free from wrongful conduct.

*By the Court.*—The judgment of the circuit court is affirmed.