## BARKER v. HIBBARD.

Services of an attorney, rendered to an infant in defending him in a bastardy proceeding, are necessaries, for which, if it was reasonable for him to make a defence, he is liable on an implied promise.

ASSUMPSIT, by Albert Barker against James A. Hibbard. The parties agreed to the following statement of facts:

The plaintiff is a practising attorney of this court, and the claim is for services in defending the defendant in a suit or process of bastardy. The defendant was at the time a minor, who had been emancipated by his father. He was arrested on a warrant, issued on a complaint of the selectmen of Colebrook, charging that he was the father of a bastard child; was brought before a magistrate and bound over to this

court, and employed the plaintiff to defend him. The services were such as are usually performed in similar cases, and the charges reasonable and just, and the defendant is liable therefor unless he is relieved of such liability on account of his being a minor as aforesaid. If, in the opinion of the whole court, the defendant is liable, judgment is to be rendered for the plaintiff for the amount of his account; if the defendant is not liable, the plaintiff is to become nonsuit.

*Barker,* pro se, cited *N. H. M. F. Ins. Co.* v. *Noyes,* 32 N. H. 345, *Phelps* v. *Worcester,* 11 N. H. 51, *Clark* v. *Leslie,* 5 Esp. 28.

*Dudley,* for the defendant, besides cases cited by the plaintiff, cited *Peters* v. *Fleming,* 6 M. & W. 47, *Burghart* v. *Angerstein,* 6 C. & P. 698, 1 Bl. Com. 466, 3 Bac. Abr. 593, 594, 3 Steph. N. P. 2053, 1 Am. Lead. Cas. 301, 302.

HIBBARD, J. If the plaintiff is entitled to recover in this action, it is upon the ground that professional services of an attorney, rendered to an infant defendant in a bastardy proceeding, are necessaries. A lawsuit may be necessary to an infant: whether it is so or not must be determined by circumstances, as in case of other things claimed to be necessaries. *Thrall* v. *Wright,* 38 Vt. 494. Services rendered by an attorney for the protection of an infant's rights of property are not necessaries, and the attorney cannot recover for them of the infant, whether he had or had not a guardian. *Phelps* v. *Worcester,* 11 N. H. 51. " That necessaries concern the person and not the estate, furnishes the true test." FOWLER, J., in *N. H. M. F. Ins. Co.* v. *Noyes,* 32 N. H. 345, 351. But expenses of litigation, incurred in good faith by a guardian on account of his ward, may be allowed in settlement of the guardian's account. *Smith* v. *Bean,* 8 N. H. 15.

Upon a diligent examination of reported cases, we have found no direct authority on the question whether an infant is liable for services rendered by an attorney in the defence of a bastardy proceeding or a criminal proceeding. But it seems that professional services which it is reasonable for him to have, rendered in defending him in a prosecution for a criminal offence in which his liberty and even his life may be at stake, are necessaries for which he ought to be liable. It was, however, decided in *Hill* v. *Childress,* 10 Yerg. 514, that a father is not liable for the services of an attorney in defending his minor child upon a charge of murder, for the reason that a father is only responsible for necessaries furnished to his minor child, " among which the services of an attorney cannot be ranked." But in this state a father would not be liable in such a case, though it were conceded that the plaintiff's services were necessaries for his minor child. *Kelley* v. *Davis,* 49 N. H. 187.

Services of an attorney rendered to a wife in prosecuting a libel for divorce against her husband are not necessaries—*Morrison* v. *Holt,* 42 N. H. 478—nor are those rendered in defending a libel of the hus-

band against the wife—*Ray* v. *Adden*, 50 N. H. 82 ; but if rendered in prosecuting the husband upon the complaint of his wife for a breach of the peace, and necessary for her safety, they are necessaries.  *Morris* v. *Palmer*, 39. N. H. 123.  If, however, there were no reasonable grounds for instituting the proceedings, the law is otherwise—*Smith* v. *Davis*, 45 N. H. 566, 570 ; but if rendered in defending a groundless prosecution, brought by the husband against the wife to compel her to find sureties to keep the peace, they are necessaries—*Warner* v. *Heiden*, 28 Wis. 517 ; and, perhaps, if the prosecution was not groundless the result might be the same.  Note to *Warner* v. *Heiden*, 11 Am. Law Reg., N. S., 283.

A strong authority in support of this action is *McCrillis* v. *Bartlett*, 8 N. H. 569, in which the plaintiff, though not an infant, had been made incapable of entering into an express contract by the filing of a petition for the appointment of a guardian over him ; but it was held that " money furnished him, and aid rendered him in making a proper defence against such appointment, in a case where there is apparently a reasonable doubt whether a guardian ought to be appointed, may be regarded as a necessary expenditure for which an action or a set-off may be sustained upon an implied promise."

A more decisive authority in favor of the present plaintiff is *Munson* v. *Washband*, 31 Conn. 303.  A female infant was seduced and got with child, under a promise of marriage.  The seducer afterwards refused to marry her, and she was left in a state of destitution and suffering.  Thereupon she applied to an attorney to bring suit for her for the breach of the promise of marriage.  He did so, and it was afterwards settled by the marriage of the parties.  After the marriage, the attorney sued the husband and wife for his services.  The decision was, that, if the services were necessary for the personal relief, protection, and support of the female defendant, the action might be maintained.

Though the object of a bastardy proceeding is to procure pecuniary compensation or security from the putative father, its effect, if he is found chargeable, may be to deprive him of his liberty until such order as the court may make shall be performed.  Gen. Stats., ch. 76, secs. 4, 7.  If he is found chargeable, and is imprisoned for neglect to obey the order of the court, and is poor and unable to pay such sum or procure such security as may be ordered, his remedy to obtain his discharge from imprisonment, it seems, is not by applying to be admitted to take the oath for the relief of poor debtors, but by application to the court under the Gen. Stats., ch. 76, sec. 10, by whom he may be discharged " at such time and upon such terms as they think expedient."  The services of an attorney in thus procuring his release from imprisonment, or in procuring his discharge upon a recognizance pending the proceedings, obviously would be necessaries.

It was, however, held, in *Dorrell* v. *Hastings*, 28 Ind. 478, that money paid to relieve an infant from a military draft to which the law subjects him is not for necessaries.  But in *Clark* v. *Leslie*, 5 Esp. 28, Lord ALVANLEY ruled that money advanced to procure the liberation of an.

infant from arrest on execution was for necessaries. "If the defendant had been in execution," said Lord ALVANLEY, "that is, if at all events the defendant had made himself liable to the debt, and could not controvert it, paying that debt, I think, would be necessaries." And in *People* v. *Mullin,* 25 Wend. 698, it is laid down that "an infant imprisoned in a civil suit is entitled to a discharge from imprisonment, on assigning his property in compliance with the provisions of the statute; and such assignment is valid," upon the ground that "the relief from imprisonment being so highly beneficial to the petitioner, his act in making the assignment must in law be regarded as valid."

An infant has authority to do what he is bound by law to do. Co. Litt. 172 *a;* Lord MANSFIELD, in *Zouch* v. *Parsons,* 3 Burr. 1801; PARSONS, C. J., in *Baker* v. *Lovett,* 6 Mass. 78, 80. He may execute a bond to the complainant to appear and answer to her complaint charging him with being the father of a bastard child, and to abide the order of the court thereon. *McCall* v. *Parker,* 13 Met. 372. He may execute a bond conditioned to indemnify a town from the support of his bastard child. *People* v. *Moores,* 4 Den. 518. He may settle with the mother of his bastard child, and execute the instruments necessary in making such settlement. *Gavin* v. *Burton,* 8 Ind. 70.

We think it must be held that an infant is liable for the services of his attorney in defending him against a bastardy proceeding. This may, it is true, sometimes subject him to larger liabilities than he would incur by making no defence and procuring his liberty by applying for a discharge from imprisonment after he had been found chargeable; but it is to be presumed that he is innocent until he is proved to be guilty. A bastardy proceeding, though held to be a civil action, can only be sustained upon the ground that the defendant has committed a criminal offence. His good name is at stake as well as his property, if he has any or ever acquires any,—for a judgment rendered against him will be valid, whether he is or is not liable to pay his attorney; and, besides, if he is found chargeable, the court may not release him upon satisfactory evidence of his inability to comply with the order.

If an infant has property, the law provides for the appointment of a guardian to hold and manage it. If he has property and is without a guardian, it is very easy to procure one to be appointed. There can rarely be occasion for an infant to employ an attorney in suits relating to his property; but if he has no property, the law does not contemplate that he shall have a guardian; and if one should be appointed in such a case, it would be unreasonable to expect him to employ at his own expense an attorney for his ward. If an infant has no authority to pledge his credit to an attorney when arraigned as the putative father of a bastard child, he may sometimes be prevented from getting bail, or from making a successful defence.

We are of the opinion that the consequences of holding that he has such authority are much more likely to be beneficial than prejudicial to his interests. He will only be liable for services and expenses which

it was reasonable to render and incur. That his own directions were followed, unless there was reasonable cause to believe it was for his interest to follow them, will be immaterial. Any express promise he may make to pay exorbitant fees to his attorney will be void. He will only be liable upon an implied promise to pay a reasonable sum. Reeve's Dom. Rel. [229] [230]; Bing. Inf. & Cov. (2d Am. ed.) 87, note; *Locke* v. *Smith*, 41 N. H. 346. Charges incurred in making or attempting to make a defence, which there was no good reason to believe it was for the interest of the infant to make, will not be recoverable. PARKER, C. J., in *McCrillis* v. *Bartlett*, 8 N. H. 569, 572. But according to the agreement of the parties, the services of the plaintiff for the defendant "were such as usually are performed in similar cases, and the charges reasonable and just, and the defendant is liable therefor unless he is relieved of such liability on account of his being a minor." There must therefore be judgment for the plaintiff for the amount of his account.

The conclusion to which we have arrived has not been affected by the circumstance that the defendant, at the time he employed the plaintiff, had been emancipated by his father. See *Locke* v. *Smith*, 41 N. H. 346.

*Judgment for the plaintiff.*