Providence,
 

 Dubxtee, G. J.
 

 The declaration sets forth that on November 6, 1876, the plaintiff and defendant gave recognizance to the State for the appearance of the defendant at the Court of Common Pleas to be holden in Newport at its November Term, 1876 ; that the defendant neglected to appear and the recognizance was defaulted ; that thereupon
 
 scire facias
 
 issued against the plaintiff, and the State recovered a judgment against him for $103.35, debt and costs, which he paid.. He sues the defendant in
 
 assumpsit
 
 to recover the money so paid. The declaration contains a special count setting forth the cause of action and the common money counts. The defendant pleads the general issue, and also pleads that at the time of the making of the several supposed promises he was an infant. To the latter-plea the plaintiff demurs.
 

 The plaintiff contends in support of the demurrer that the recognizance was binding on the defendant notwithstanding his infancy, and that therefore the promise or liability of the defendant to repay the plaintiff the money which he had paid on
 
 *401
 
 account of the recognizance was equally binding on the defendant, notwithstanding his infancy.
 

 William Gfilpin,
 
 for plaintiff.
 

 Samuel H. Honey,
 
 for defendant.
 

 We think the recognizance was binding on the defendant. The statute, Gen. Stat. R. I. cap. 186, §§ 18 and 19, provides that when a person is complained of to a justice court for an offence beyond the jurisdiction of the court to try and determine, if the court, after hearing the evidence, shall be of opinion that he is probably guilty, it shall require him “ to enter into a recognizance with sufficient surety,” for his appearance at the higher court. The statute, § 20, also provides that if the recognizance is not given, the accused shall be committed until he shall give such recognizance or be discharged according to law. We infer that the recognizance was taken in pursuance of these provisions, though the declaration does not explicitly show it. The recognizance is therefore obligatory on the defendant; for of course an infant is capable of binding himself by any obligation which the law requires or authorizes him to contract.
 
 People
 
 v. Moores, 4 Denio, 518.
 

 We also think the defendant is bound to reimburse the plaintiff for any payment which he has had to make as his surety on account of the recognizance. The law required the defendant to enter into a recognizance with surety, and, having complied with this requirement of the law, he must be held to have incurred the obligations of a principal to his surety.
 

 Demurrer sustained.