Decided 16 January, 1905.

**BURTON v. ANTHONY.**

79 Pac. 185, 68 L. R. A. 826.

</div>

Lien for Loan to Minor to Protect His Land.*

1. No lien will be imposed by equity upon the property of a minor in favor of one who has advanced money at the request of such minor to redeem the property from a mortgage sale, even though the minor agreed that the lender should be subrogated to the rights of the mortgage creditor.

Reinstatement of Mortgage Lien Canceled by Mistake.

2. Equity will enforce an agreement between a mortgagee who has foreclosed his mortgage and bought in the property with one who is to provide means to pay the debt, that the judgment and the lien shall be assigned to the lender as his security for the money, where by mistake the land was redeemed from the sale and the lien canceled.

From Yamhill: Reuben P. Boise, Judge.

Statement by Mr. Justice Moore.

This is a suit by L. C. Burton against Clara L. E. Anthony, Walter B. E. Anthony, her minor son, and H. H. Burton as his guardian, to establish and enforce an alleged lien.  It is averred in the complaint that the defendant Walter B. E. Anthony is under the age of fourteen years, and that the defendant H. H. Burton is the duly appointed guardian of his estate; that on January 27, 1900, his mother, the defendant Clara L. E. Anthony, being the owner of an undivided one sixth of certain real property in Yamhill County, in consideration of love and affection and one dollar, executed to her son a quitclaim deed of all her interest in the premises, subject to a mortgage thereon executed by her and her late husband, E. H. Anthony, deceased; that this mortgage was foreclosed, the land sold to the mortgagee, and the sale confirmed; that the premises were redeemed by Mrs. Anthony and her son, who were obliged to pay therefor the sum of $1,010.75, receiving from the sheriff of that county a certificate evidencing such fact; that, the redemptioners having no means with which to pay the sum required, plaintiff, at their

---

*Note.—See monograph, Contracts of Infants, 18 Am. St. Rep. 573-724, and note on Liability of Infants for Necessaries in 12 L. R. A. 859.

<div align="right">Reporter.</div>

request, loaned to Walter the money necessary for that purpose, "in the expectation that he would be substituted in the place and stead of the creditor"; that Walter has no means with which to pay the sum so loaned, except his interest in such real property, and, unless plaintiff is decreed a lien thereon, or subrogated to the rights and remedies of such creditor therein, he will lose the money so advanced. The defendant Walter, appearing by his guardian, filed an answer denying the material allegations of the complaint; and, a trial being had, and the evidence taken, the court, concluding that the complaint did not state facts sufficient to entitle plaintiff to the relief prayed for, dismissed the suit, and he appeals. The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.          AFFIRMED.

For appellant there was a brief over the names of *Rufus I. Eaton* and *George Noland* to this effect.

I. While an infant may not ordinarily make contracts, yet equity will frequently create or imply a contract on his part in order to prevent a wrong: 13 Am. & Eng. Enc. Law (1 ed.), 610; 16 Am. & Eng. Enc. Law (2 ed.), 236; 1 Story, Eq. Jur. (12 ed.), § 240.

II. Contracts in discharge of legal obligations are binding upon an infant; for if he is under legal obligation to do an act, he may by a fair and reasonable contract bind himself to perform it: 16 Am. & Eng. Enc. Law (2 ed.), 274; *People* v. *Moores,* 4 Denio, 518 (47 Am. Dec. 272) ; *Bavington* v. *Clarke,* 2 Pen. & W. 115 (21 Am. Dec. 436) ; *McCall* v. *Parker,* 13 Met. 372 (46 Am. Dec. 735).

III. The defendant, Walter Anthony, took this property, subject to mortgage, which he was legally bound to pay, in order to save the property; and a decree of a lien thereon, although the party himself could not legally make such a contract, should be rendered when the circumstances are such that justice can only thus be accomplished: 13 Am. & Eng. Enc. Law (1 ed.), 614; 24 Am. & Eng. Enc. Law (1 ed.), 266, 296; *Clark* v. *Clark,* 58 Miss. 68.

IV. If advances made by a stranger were made with the expectation of being subrogated to the rights of the creditor he is

entitled to that advantage: *Coe* v. *New Jersey Mid. R. Co.* 31 N. J. Eq. 105; *Tradesmen's B. & L. Assoc.* v. *Thompson,* 32 N. J. Eq. 133.

V. The person who paid the money with the understanding that the certificate of sale would be assigned to him as security is entitled to be treated as though that had actually been done. The cancellation of the judgment through a redemption with plaintiff's money ought not in equity to prevent his being considered as the assignee of the certificate: 24 Am. & Eng. Enc. Law (1 ed.), 250; *Pratt* v. *Law,* 13 U. S. (9 Cranch) 456 (3 L. Ed. 791); *Crippen* v. *Chappel,* 35 Kan. 495 (57 Am. Rep. 187, 11 Pac. 453); *Neeley* v. *Jones,* 16 W. Va. 625 (37 Am. Rep. 794); *MacGrale* v. *Taylor,* 167 U. S. 688 (17 Sup. Ct. 961, 42 L. Ed. 326); *City Sav. Bank* v. *Whittle,* 63 N. H. 587 (3 Atl. 645); *Gans* v. *Thieme,* 93 N. Y. 225.

No appearance for respondent.

MR. JUSTICE MOORE delivered the opinion of the court.

Though the sufficiency of the complaint is the only question presented by this appeal, it is deemed proper to state the substance of the testimony, showing the nature of the claim sought to be established. It appears from the transcript that the defendant Clara L. E. Anthony is plaintiff's sister, who, having no property and being a widow, is compelled to labor to support herself and her son; that, the land of the defendant Walter B. E. Anthony having been sold under the decree of foreclosure, he and his mother requested plaintiff to advance the money necessary to redeem the premises, assuring him that he should be subrogated to the rights of the judgment creditor; and that, to secure such sum, plaintiff was obliged to mortgage his undivided one sixth interest in the same real property. As an affirmance of the decree herein may deprive plaintiff of his claim against his nephew, and also of his own interest in the real property, the merits of his demand are apparent, and it remains to be seen whether or not the complaint states facts sufficient to authorize a court of equity to impose a lien on a minor's interest in land to secure the payment of money advanced at his request to

redeem the premises from a sale thereof under a decree of fore-closure.

1. It is argued by plaintiff's counsel that the redemption of the land was necessary to preserve it, thereby rendering the agreement of the minor to repay plaintiff the sum of money borrowed for that purpose a binding obligation, which the court should have enforced, but, not having done so, an error was committed in dismissing the suit. The rule is elementary that, if an infant is under a legal obligation to do an act, he may, by a fair and reasonable contract, bind himself to perform it: 16 Am. & Eng. Enc. Law (2 ed.), 273. As an infant is bound to pay a debt contracted for necessaries, his promise to repay a sum of money advanced by another for that purpose constitutes a binding obligation: *Randall* v. *Sweet,* 1 Denio, 460. Thus, where the statute compels a putative father to indemnify a municipality against expense incurred in supporting his illegitimate child, and makes it necessary for him to enter into a bond with sureties for the performance of the obligation which is thus imposed, as the only means by which he can be discharged from arrest, the law thereby confers on him plenary power to make a binding obligation; and, having done so, his infancy will not constitute a defense to him or his sureties in an action based on a failure to comply with the terms of the undertaking: *McCall* v. *Parker,* 13 Met. (Mass.) 372 (46 Am. Dec. 735); *People* v. *Moores,* 4 Denio, 518 (47 Am. Dec. 272). So, too, an infant father of an illegitimate child, on a prosecution of bastardy, having given a promissory note with his father as surety, to the mother of such child, as a compromise settlement, it was held that his infancy did not constitute a defense in an action on the note: *Gavin* v. *Burton,* 8 Ind. 69. In deciding that case, Mr. Justice Perkins says: "So, as the law authorizes an infant father of a bastard child to settle with the mother, and secure to her compensation for keeping such child, it impliedly gives him power to execute instruments necessary in making such settlement." To the same effect is the case of *Stowers* v. *Hollis,* 83 Ky. 544. In *People* v. *Mullin,* 25 Wend. 698, the defendant, an infant, having been convicted of the crime of assault and battery, and imprisoned

under the sentence which followed, offered to assign his property in compliance with the provisions of a statute of New York which permitted the discharge of prisoners who were found guilty of such misdemeanors; and it was held that, as an adult was entitled to the benefit of the act, which by its terms applied to "every person," an assignment by a minor must be regarded as valid, notwithstanding his nonage.

In the cases to which attention has been called, indemnity from punishment by imprisonment of persons convicted of misdemeanors has been afforded by complying with the provisions of the statutes authorizing it.   The discharge of a person when imprisoned, or his exemption from punishment when found guilty of petty offenses, by complying with the terms of a statute, must be regarded by the legislative department as of more importance to the State, which is thereby freed from the expense of his maintenance during the term of incarceration, than the retention of his property. These acts, being general in their terms, are held to be applicable to all persons; and, as a corollary therefrom, the conclusion is deduced that ample power is thereby conferred on an infant to bind himself to pay an obligation which the law imposes as a condition precedent to securing his freedom from imprisonment, or exemption from punishment for the commission of minor crimes.   This legal principle, which is clearly established in the cases mentioned, can have no application to the defendant Walter B. E. Anthony.  He could not have been arrested for a failure to pay the mortgage debt on his interest in the land, the redemption of which terminated the sale, discharged the lien of the mortgage which was merged in the decree, and restored to him his estate: B. & C. Comp. § 250. Though the redemption of the land conferred on him a pecuniary benefit, the furnishing of the money for that purpose at his request does not, by reason of his incapacity to enter into a valid contract, create a binding obligation, because it was not necessary to his sustenance.   Thus, in *McCarty* v. *Carter,* 49 Ill. 53 (95 Am. Dec. 572), it was held that a contract made with a minor to furnish labor and materials for the improvement of his property was not binding on him, and the contractor could claim

no lien therefor against the property benefited thereby. In deciding that case Mr. Justice LAWRENCE says: "An infant is not bound by his contract, except in certain cases, to which the erection of a building for rent does not belong. A conveyance or mortgage by him of his real estate would not be binding upon him, and the legislature certainly never intended to allow him to incumber his property indirectly by a contract for its improvement, when he cannot do the same thing in a binding mode by an instrument executed expressly for the purpose. A minor who has nearly attained his majority may be as able in fact to protect his interests in a contract as a person who has passed that period. But the law must necessarily fix some precise age at which persons shall be held sui juris. It cannot measure the individual capacity in each case as it arises. It must hold the youth who has nearly reached his majority to be no more bound by his contract than a child of tender years, and neither in one case nor in the other can it permit a contractor to claim a lien against his property under the guise of a contract for improvement. This would expose minors to ruin at the hands of designing men. The mechanic who erects a building must take, like all other persons, the responsibility of ascertaining that he is contracting with a person who has reached the requisite age." To the same effect, see *Mathes* v. *Dobschuetz,* 72 Ill. 438, and *Price* v. *Jennings,* 62 Ind. 111. The improvement of a minor's property by erecting buildings thereon in pursuance of his contract cannot be regarded as of less importance—the value being equal—than the saving of his estate by the redemption thereof at his request; and, as no lien can be created in the first instance, none can be imposed in the latter.

Plaintiff's counsel, in support of the principle for which they contend, rely upon the rule announced in *MacGreal* v. *Taylor,* 167 U. S. 688 (17 Sup. Ct. 961, 42 L. ed. 326). In that case an infant female, without being interrogated as to her age, or making any representations in relation thereto, borrowed a sum of money to pay off an incumbrance on her land and to improve the property; giving a trust deed thereon as security therefor. After attaining her majority she refused to pay the money bor-

rowed, notifying the adverse party that she rescinded the contract and disaffirmed her deed; and it was held that, the money secured by her having been used in improving her property and in discharging liens thereon, the premises should be subjected to the benefits received. In that case Mr. Chief Justice FULLER and Mr. Justice BROWN dissented. If that decision had been rendered by the entire court, the rule adopted would not be controlling in the case at bar until the defendant Walter B. E. Anthony became twenty-one years old. The complaint, therefore, does not state facts sufficient to constitute a cause of suit. The mortgage having been foreclosed, under which decree the premises were sold to the mortgagee and the sale confirmed, he may have preferred to retain his interest in the land, rather than to have accepted the amount of his bid therefor. He could not have been compelled to assign the judgment, nor could the assurance of Mrs. Anthony or of her son that plaintiff should be subrogated to the rights and remedies of the judgment creditor be of any force or effect, because it was impossible for them to fulfill their representations.

2. If an agreement was entered into between such creditor and plaintiff to the effect that the judgment was to be assigned to the latter in consideration of the payment of the sum due, but, instead thereof, the premises, by mistake, were redeemed from the sale, a court of equity will, upon an averment and proof of such fact, restore the lien of the judgment. It may have been intended by the statement in the complaint that plaintiff advanced the money to his nephew "in the expectation that he would be substituted in the place and stead of the creditor," to allege that an agreement to that effect had been entered into between plaintiff and the mortgagee or his representative, and, if so, it may be desired to institute another suit, in which such fact can be averred in the complaint. With this possible object in view, the decree of the court below, dismissing the complaint, will be affirmed, but such dismissal shall be without prejudice, and it is so ordered.                                    AFFIRMED.