CLARK, Appellant, vs. TENNESON, Respondent.

*March 16—April 5, 1911.*

*Husband and wife: Necessaries: Artificial teeth: Liability.*

1. Artificial teeth come within the class of articles constituting "necessaries" which the husband may be bound to furnish his wife.
2. Where a married woman attended to the dental affairs of herself and of other members of the family, including payment of the bills, and there is nothing to show that she made such payments out of her separate estate, presumably she was acting under authority of the husband, and he, not she, is liable for a set of teeth, being necessaries, furnished for her use, although the dentist furnishing them had no personal dealings with the husband.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This is an action to recover the sum of $40 for an upper plate of artificial teeth and a partial lower plate which the plaintiff alleges were made for the defendant at her special instance and request, for her own and separate use and benefit, and which were reasonably worth the sum demanded. One of the defenses alleged is that the defendant is a married woman living with her husband and that she has no separate estate. It is therefore averred that the defendant's husband is liable for the price of the teeth as articles of necessity. None of the other alleged defenses are material to the question raised on this appeal.

The plaintiff testified that he was a duly licensed dentist; that as such dentist he had made the plates for the separate use and benefit of the defendant; that the reasonable value of the plates was the sum claimed; that the plates were of no value to any one but the defendant; that the defendant had an upper set of artificial teeth which she was using when he made the new sets for her; that he knew she was a married woman; that the defendant had returned the upper set of teeth; that she never had had the lower plate; that the defendant had sent him payment for a bill for other work but had stricken out from the bill these items for which he seeks to recover; that the defendant wore the upper plate from his office and he had notified her that the lower set was ready for her; that she came back to his office wearing her old set of teeth, and returned the teeth to him; and that she refused to wear the new teeth because the expression of her face was changed thereby. The defendant had always personally paid her dental bills and those of her children. The defendant offered no evidence in the case.

The municipal court of the city of Eau Claire rendered judgment dismissing the action. Upon appeal to the circuit court the judgment of the municipal court was affirmed upon

the record, and costs were awarded against the plaintiff. This is an appeal from the judgment of the circuit court.

*Arthur H. Shoemaker,* for the appellant, cited *Kriz v. Peege,* 119 Wis. 105; *Cramer v. Hanaford,* 53 Wis. 85; *Merrell v. Purdy,* 129 Wis. 331; *Whiton v. Snyder,* 88 N. Y. 299; *Patterson v. Kicker,* 72 Ala. 406; *McCarty v. Quimby,* 12 Kan. 494; *Farwell v. Cramer,* 38 Neb. 61; *Wyatt v. Wyatt,* 31 Oreg. 531; *Wanamaker v. Weaver,* 176 N. Y. 75, 65 L. R. A. 529.

*A. C. Larson,* for the respondent, contended, *inter alia,* that a married woman living with her husband and having no separate property or business, and having no allowance, is not liable in an action at law for surgical, dental, or medical services rendered to her by a person conversant with those facts. *Nelson v. Spaulding,* 11 Ind. App. 453, 39 N. E. 168; *Gilman v. Andrus,* 28 Vt. 241, 67 Am. Dec. 713; *Freeman v. Holmes,* 62 Ga. 556; *Stack v. Padden,* 111 Wis. 42; *Morgenroth v. Spencer,* 124 Wis. 564; *Towery v. McGaw,* 22 Ky. Law Rep. 155, 56 S. W. 727; *Moore v. Copley,* 165 Pa. St. 294, 30 Atl. 829, 44 Am. St. Rep. 664.

SIEBECKER, J. The only question in dispute is whether the defendant's husband is liable for these sets of artificial teeth as articles of such necessity that he as husband is obligated to pay for them. This court in *Warner v. Heiden,* 28 Wis. 517, declared what in general constitute "necessaries" which a husband is bound to furnish to his wife, and declared that they embraced the usual provisions for the maintenance of the wife's health and comfort appropriate to her mode of life, in view of their social station and standing and his financial abilities. It is a matter of common knowledge that artificial teeth are most useful and necessary articles for the promotion of personal comfort and health, and that their use in this country has attained practical universality. We consider that such teeth come within the class of articles constituting

"necessaries" which a husband may be bound to furnish his wife. It was so held in *Gilman v. Andrus,* 28 Vt. 241.

It is contended that the plaintiff and the defendant understood from the course of the transaction of ordering, providing, and delivering these teeth that it was an individual and personal sale to the defendant and that she personally assumed to pay for them. The facts and circumstances do not sustain this claim. True, the plaintiff had no personal dealings with the defendant's husband. But this is not necessary if the articles were purchased under circumstances indicating that they were supplied her in the usual manner as necessaries for which a husband is liable as such. The question is, Did the wife negotiate the purchase under circumstances indicating that she was authorized to do so? It appears with sufficient certainty that the defendant attended to the dental affairs of herself and of other members of the family, including the payment of such bills. There is nothing in the record to show that she paid such bills out of her separate funds or estate. Presumably, then, she made the payments for the husband and father. This is sufficient to apprise the plaintiff of this fact and he must be deemed to have dealt with her upon this basis, which showed her relation to the transaction. For cases defining the authority of the wife to obtain "necessaries," charged to the husband, and under what circumstances he will be exempt from the obligation to pay for articles, see *Wanamaker v. Weaver,* 65 L. R. A. 529 (*S. C.* 176 N. Y. 75, 68 N. E. 135), and the cases and comments in the note. Under the circumstances we consider that it was established that the defendant was acting under the authority of her husband, and the court properly held that it was not shown that the defendant was individually liable upon the claim presented against her.

*By the Court.*—Judgment affirmed.