SIMPSON GARMENT COMPANY, Appellant, vs. SCHULTZ, Respondent.

*December 15, 1923—January 15, 1924.*

*Husband and wife: Duty to support: Necessaries: What constitute: Evidence: Graduation outfit for minor daughter.*

1. In an action to recover the purchase price of articles of wearing apparel sold by plaintiff to defendant's wife and alleged to have been necessaries for her and her eighteen-year-old daughter, it appeared from the evidence that the daughter was about to graduate from high school and had no suitable clothes. *Held,* that the purchase of a coat for $63.50, a graduation dress for $29.75, and a slip for $10.75 were purchases of "necessaries" for which the father was liable. p. 508.

2. An instruction defining the term "articles of necessity" which limits such articles to those which the husband authorizes or permits is erroneous, as the law extends the term to whatever is suitable or proper for the wife, considering the social position of the family and the husband's ability to pay. p. 509.

3. The defendant may show that the articles purchased were not necessaries under the law, or that they were not reasonably required by the wife or member of the family to whom they were sold, but the proof upon these questions must be limited substantially to the same kind of articles as were purchased; and in this case it was error to permit defendant to show the amount of grocery bills, shoe bills, dentist bills, hardware bills, repair bills for the house, and other items of this nature. p. 509.

4. In such a case the seller must show that the articles purchased were such as are suitable in view of the family's social position and defendant's financial situation, and that they were reasonably needed at the time of the sale. p. 510.

5. The duty rests upon the husband to provide his wife with a home, food, fuel, light, suitable clothing, and such other articles as are reasonably necessary in the household. p. 510.

APPEAL from a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge. *Reversed.*

Action to recover the sum of $204.26, the purchase price of certain articles of wearing apparel sold by the plaintiff to defendant's wife and alleged to have been necessaries for her and her daughter, aged eighteen years. The defendant

in his answer denied that the articles purchased were necessaries for either his wife or his daughter; that he never refused to furnish his wife and daughter with money or with credit sufficient to purchase all suitable necessaries. It appears from the evidence that defendant and his wife were married in 1896; that they lived together as husband and wife until 1919, when defendant ceased to take his meals with the family and boarded at a hotel. He retained a room in the family home up to the time of the commencement of this action. For the past fifteen years he has been in the business of selling safes. From his testimony it appears that at the time of the trial he was worth approximately $18,000 exclusive of household furnishing, clothing, and personal effects belonging to the family. The home, valued at $8,000, was included in the above sum. It also appears that his annual income from 1918 to 1922 inclusive varied from $5,450 to $2,057, and that his annual household disbursements for the same years varied from $1,962 to $1,337.

From April, 1922, to July 22, 1922, the plaintiff sold various articles of wearing apparel to Mrs. Schultz and her daughter, including among other articles a coat for the daughter costing $63.50, a graduation dress of the value of $29.75, and a slip to be worn under the graduation dress costing $10.75. The other articles purchased were of a character such as women usually wear, including hose, kimonas, hats, handkerchiefs, gowns, sweaters, waists, and skirts. At the close of the trial the jury returned a general verdict for the defendant, upon which the court entered judgment for the defendant dismissing the plaintiff's case with costs. From such judgment the plaintiff appealed.

For the appellant there was a brief by *Grotophorst, Quale & Langer* of Baraboo, attorneys, and *Stephens & Sletteland* of Madison, of counsel, and oral argument by *H. M. Langer* and *Glenn W. Stephens.*

*E. C. F. Meier* and *F. R. Bentley,* both of Baraboo, for the respondent.

VINJE, C. J.   Plaintiff claims (1) that it was entitled to judgment for the whole amount upon the evidence notwithstanding the verdict; (2) that the trial court erred in instructing the jury; (3) that it improperly excluded testimony of plaintiff.

It appears from the testimony that defendant's daughter, Stephane, was about to graduate from the Baraboo high school, that she had no spring or summer coat, the only one she possessed being a sheepskin coat suitable for winter wear only.   It further appears from the testimony that she had no dress suitable for graduation, that the one purchased for $29.75 was one suitable to their station in life and not more expensive than girls in their station usually wear upon such occasions.   It also appeared that the slip purchased for $10.75 was a necessary adjunct to the dress.   It further appeared that the defendant refused to furnish his daughter or wife with cash or credit to obtain these articles.   Upon such evidence we conclude and decide that as to the coat, graduation dress, and slip a judgment should be entered for the plaintiff.   As to the balance of the articles purchased we express no opinion either as to whether or not they were necessaries, or as to whether or not they were needed at the time they were purchased.

The court instructed the jury as follows:

"You are instructed as a matter of law that if a husband neglects to provide his wife and family with articles of necessity suitable to his condition in life, the wife may procure them of others, and the husband will be liable to pay for them.   The term 'article of necessity' in this connection includes whatever things are proper to be used in the family, and suitable to the manner of life which the husband authorizes or permits."

Further the court said:

"The husband is bound to provide his wife and family with whatever is necessary for their suitable clothing and maintenance according to her station and condition in life."

Again the court said:

"The jury will determine whether or not the articles purchased by the defendant's wife were necessary and suitable to the position in life of the wife, and they will further determine whether or not it affirmatively appears that the lady was abundantly supplied with similar articles purchased elsewhere, and whether or not there was any reasonable necessity for such expenditure."

Then followed two instructions as to the burden and quantum of proof as follows:

"The burden of proof is upon plaintiff to show that the goods purchased by the wife were necessary according to the style in which her husband desired her to live. . . . The plaintiff must show by a preponderance of the evidence that the things purchased by the wife were necessary according to the style in which her husband desired her to live."

While some of the instructions quoted fairly state the law of this state, the one defining the term "article of necessity" is radically and prejudicially erroneous in that it limits such article to that which the husband authorizes or permits, while the law extends it to whatever is suitable or proper for the wife considering the social position of the family and the husband's ability to pay. *Warner v. Heiden,* 28 Wis. 517; *Clark v. Tenneson,* 146 Wis. 65, 130 N. W. 895. As claimed by counsel for the plaintiff, nothing remained for the jury to· do but render a verdict for the defendant under the instructions of the court, because it was uncontradicted that the husband never had authorized or permitted the purchase of such articles by the wife. The frequent repetition of this erroneous instruction we must hold to be prejudicial error.

It was also error for the court to permit the defendant to show the amount of grocery bills, shoe bills, dentist bills, hardware bills, repair bills for the house, and many other items of this nature. When a merchant sues a husband for necessaries sold to his wife or some member of his family,

it is incumbent upon him to show, among other things, (1) that the articles purchased were such as are suitable for the wife or member of the family in view of the family's social position in the community in which they live and in view of the defendant's financial ability to pay for them; and (2) that the articles sold were reasonably needed by the wife or member of the family to whom they were sold at the time of the sale. To rebut such proof the defendant may show that the articles were not necessaries under the law, or, if they were, that they were not needed by the wife or member of the family to whom sold. But such proof in rebuttal upon these questions must be limited to substantially the same kind of articles as were purchased. The duty rests upon the husband not only to provide his wife with a home, food, fuel, and light, but also with suitable clothing as well as other articles that are reasonably necessary in a household such as his, and if the claim be that suitable clothing has not been furnished it is no defense to show that sufficient food or hardware or medicine, etc., have been furnished. Had there been a dispute as to his annual income or annual household expenses, proof of other necessary household expenses would have been admissible upon the question of his financial ability to pay for necessaries of the quality bought. But there was no such dispute and the evidence was inadmissible as rebuttal upon the questions stated.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff for the purchase price of the coat, dress, and slip mentioned in the opinion and to award a new trial as to the balance of the articles sold.