## PORTER & MOIR v. BRIGGS.

1. **Attorney:** ACTION: HUSBAND AND WIFE. An attorney may maintain an action at law against the husband for legal services rendered the wife, in a proceeding against her for divorce on the ground of adultery.

> *Argument 1.* The husband is liable upon an implied promise to pay for necessaries supplied to the wife.

> *Argument 2.* Expenses incurred in defending her good name, whether assailed by her husband or a stranger, are properly classed as necessaries.

> *Argument 3.* The liability of the husband for the necessary expenses of the wife, in employing counsel in a divorce proceeding, is uniformly recognized in the Ecclesiastical and Chancery Courts.

> *Argument 4.* Since the basis of the claim is the implied promise of the husband to pay for what is necessary to the protection of the wife's interests, a court of law has jurisdiction of the case.

2. ———: LIMIT OF RECOVERY: HUSBAND AND WIFE. The fact that the husband is liable only for necessaries furnished the wife, will preclude recovery by more attorneys than are necessary for the protection of her interests.

*Appeal from Mitchell District Court.*

WEDNESDAY, APRIL 8.

PLAINTIFFS, who are attorneys at law, bring this action to recover against defendant for professional services rendered by them in defending his wife in an action brought by him for divorce on the ground of adultery. The petition alleges that the services rendered were necessary to establish the wife's innocence of the crime of adultery, with which she was charged by her husband; and that she has no estate of her own from which the debt may be collected. The petition does not allege any special undertaking by the defendant to pay for the services rendered by plaintiffs. A demurrer to the petition on the ground that no contract of defendant is alleged, was overruled. Defendant standing upon his demurrer; judgment was rendered against him. He now appeals to this court.

*D. W. Poindexter,* for appellant.

*Cyrus Foreman* and *Adams & Robinson,* for appellee.

BECK, J. — The question presented for our decision in the case before us is this: Is the husband liable for services

1. ATTORNEY: action: husband and wife.

rendered by an attorney-at-law in establishing the innocence of the wife upon a charge of adultery, made by the husband himself in an action for divorce? In our opinion he is liable for such services upon an implied promise, which the law raises, to pay therefor as necessaries for the wife.

The liability of the husband, upon an implied undertaking to pay for necessaries supplied to the wife, is everywhere recognized. But what things or what services are within the rule, is often a matter of dispute as a question of fact. Whatever is suitable and proper for the wife, considering her station in life, is esteemed necessaries. And this is so, whether the things supplied her be apparel, furniture, or personal services of servants, mechanics, artists, physicians, or others whom she may employ. The difficulty in applying the rule always arises in determining what her station in life demands as necessaries.

The rule is based upon the duty of the husband to support the wife, to supply her with such things as are deemed necessary. It is not confined to the supply of things demanded for her sustenance, apparel, and health, but extends to whatever is necessary for her happiness, comfort, and enjoyment of life, considering the station she occupies as to wealth and fashion. Jewelry and the like, so far as they are demanded by the conditions of society, and the fortune of the husband, are within the rule. Whatever is necessary for the protection of the person of the wife, the husband is bound to supply. And it cannot be denied that he is under obligation to secure and protect her good name. The enjoyments of life will be destroyed, and the wife will be deprived of the society of the pure and good which, as a source of happiness, can hardly be overestimated, if her character for virtue be assailed. To protect her good name is an undoubted duty of the husband. If the wife finds it necessary to incur expenses in protecting her person or personal liberty, who can deny that the husband is liable therefor? The good name of a virtuous woman is

esteemed by herself and society of even more importance, so far as her happiness is concerned, than personal security and personal liberty. Why should not the husband be liable for all necessary expenses in securing her its full enjoyment?

It can hardly be doubted that if a wife is charged in a legal proceeding by a stranger, with the crime of adultery, the husband would be liable for all necessary expenses incurred in establishing her innocence. His liability would rest in such a case on the ground that the expenditure was demanded for *her* comfort and happiness. The law looks to and regards *her* rights in securing her protection, and it is not given because of anything the husband may suffer when they are invaded.

The rights of the wife are in nowise changed, nor does the necessity for protection cease when her personal safety, liberty or good name are assailed by the husband himself. He may as effectually destroy them as a stranger. In truth, her claim for the protection of the law against such attacks by the husband is stronger than if made by a stranger. His relation to her increases their force and probability of success, and will cause them, if successful, the more effectually to overthrow her peace and happiness. If the husband should, by his own acts, cause disease to visit the wife, it would not be pretended that the necessary expenses of a physician incurred in restoring her to health could not be recovered against him. Upon the very same principle he is liable for the expenses of an attorney in defending her character from his assaults.

These views are not without the support of precedents recognizing the principles upon which they are based.

In *Shepherd v. Mackoul*, 3 Camp., 326, a husband was held liable upon an attorney's bill for services rendered in exhibiting articles of the peace against him. In this case Lord Ellenborough remarked that the wife "had a right to appeal to the law for protection, and she must have the means of applying effectually; she might, therefore, charge her husband with the necessary expense of this proceeding as much as for necessary food and raiment." *Morris v. Palmer*, 39 N. H., 123, holds the same doctrine in a case upon quite similar facts. In *Warren v. Heiden*, a recent Wisconsin case, Am. Law Reg-

ister, May, 1872, p. 279, the husband was held liable to an attorney for services rendered on behalf of the wife in a proceeding to require her to keep the peace brought by the husband.

In *Brown v. Ackroyd*, 5 E. & B., 819, (34 Eng. L. & Eq., 214,) the doctrines we have adopted are fully recognized.

The liability of the husband for the necessary expenses of the wife in employing counsel in the prosecution or defense of an action for divorce is uniformly recognized and enforced in the Ecclesiastical and Chancery courts, where such proceedings are prosecuted. It is usually enforced by orders taxing such expenses as costs, *de die in diem*, but in this State it is often done, if it is not the usual practice, by an order for the payment of a sum in gross as ·compensation for the wife's attorneys. At all events, the husband's liability is never denied. There can be no good reason given why it may not be enforced in an independent action at law, if it be admitted that the services of an attorney are necessary for the wife's protection.

In *Johnson v. Williams*, 3 G. Green, 97, it was held that the husband was not liable to the attorney of his wife for services in prosecuting an action brought by her for a divorce. It was held that such services do not come within the description of necessaries, as that word is used in the law; and upon this ground the opinion is based. The decision of that case is not in conflict with our conclusion above announced, while the reason upon which it is based must be admitted to conflict with our views. It was not shown that the services rendered in the action for divorce in that case were necessary for the wife's protection, a fact that is the very ground upon which we base our conclusion in this case. There may be a wide difference as to the liability of the husband between the case where the wife prosecutes the action and one which is brought by the husband. In the first instance we conceive there may be such a state of facts as do not show that the prosecution of the action is necessary to the wife's protection. In that case, under the principles of this opinion, the husband would not be liable. In order to fix his liability, the services must be

shown to be necessary, within the rule we recognize, for the protection of the wife's person, liberty or reputation.

Cases are found in the books in conflict with the conclusion we announce. See *Wing v. Hulbert*, 13 Vt., 607; *Coffin v. Dunham*, 8 Cush., 404; *McCullough v. Robinson*, 2 Ind., 630. Some of these cases are ruled rather upon the long established practice of the courts of the particular States and the force given to statutes, than upon principle, as *Coffin v. Dunham*, and *Wing v. Hulbert*. Others are based entirely upon precedent, as *McCullough v. Robinson*, and few, if any, of them are supported upon reason and none present a discussion of the doctrines we have attempted to maintain.

In our opinion the law is found in the course of argument we have adopted, which, as we have seen, is not without the support of authority.                          AFFIRMED.

OPINION ON REHEARING.

DAY, J.—A petition for rehearing in the above case was filed by Nourse & Kauffman, in which the questions involved are discussed with much ability. To this petition the appellee was directed to respond.

We have again endeavored to examine the foundations of the foregoing opinion with a care and attention commensurate with the importance of the question involved, and the cogency of the reasoning with which we are asked to retrace our steps.

After the most careful consideration of the case we feel constrained to adhere to the conclusion before reached, believing it to be in accordance with the dictates of justice and with the reason of mankind. Some of the questions discussed in the petition for rehearing were either not presented, or but slightly alluded to in the original argument of appellant, and hence they demand a more full consideration than is accorded to them in the above opinion.

The principal point made is, that the jurisdiction which the courts of chancery have long exercised in this state of requiring the husband, in a divorce proceeding, to pay a sum for the attorney's fees of the wife, is in its nature exclusive.

The Ecclesiastical Courts in England, and the Courts of Chancery in this country, have almost uniformly in a divorce proceeding required the husband to pay the wife's counsel.

It cannot be conceived that the making of such an order rests in the mere uncontrollable discretion of the court trying the cause. It must be founded upon some legal principle which entitles the wife to the allowance as a matter of right, and not of mere grace.

What then is the foundation of the right?

We conceive it to be as follows: That inasmuch as ordinarily the husband possesses and controls their joint earnings, and the wife, without pecuniary means would be utterly powerless in a litigation with the husband, the law, from a sense of propriety and justice, implies a promise of the husband to pay the fees of the attorneys necessary to the protection of the interests of the wife.

After all the refinements which may be interwoven with the subject, the legal mind must in the end rest upon this implied promise, as the only just ground of a jurisdiction, which, it is conceded, is almost everywhere exercised.

This right is usually enforced in the court which takes cognizance of the divorce proceeding.

It is eminently proper that that court should have jurisdiction of all the incidents of the divorce, and be able to grant complete relief, thus avoiding further litigation. Oftentimes that court can grant more complete relief than a court of law, as by suspending the action of the husband until he advances or secures the sum ordered. But if, for any reason, the jurisdiction of the court of chancery is not invoked upon this subject, what is there in the nature of the subject and in the kind of relief asked which ousts the jurisdiction of the courts of law? The jurisdiction of the courts of law is general; that of courts of equity attaches only when there is some special ground for equitable interference.

Why then, may not this implied promise be enforced in a court of law? It is claimed that to sustain this jurisdiction will give rise to a multiplicity of suits, which it is the policy of the law to avoid. We concede this would be a good ground

for asking the court of chancery, having once assumed jurisdiction of the case, to determine the entire matter, with all its incidents, and not turn the parties over to an action at law. But it is not, as we conceive, a reason for denying the jurisdiction of a law court when that of a court of equity has not been invoked.

The petition for rehearing further suggests that ten or twelve counsel may be employed, and the difficulties of adjusting between them, in a court of law, their compensation, is an argument against the jurisdiction of such court. But it is apparent that any party, in any case, might, if he chose, employ the same number of attorneys, and yet it would scarcely be questioned that they might sue in a court of law for their compensation. The foregoing opinion holds the husband liable to pay attorneys only when they are necessary. If more are employed than are necessary, then he will not be required to pay that number. If ten or twenty are procured to do the work of one, all can not recover full compensation. Each one must be paid only for the service by him rendered. We see no greater difficulty in determining the amount of service, and its value, in a proceeding at law than in equity.

2. ——: limit of recovery: husband and wife.

Certainly the difficulty in this respect is no greater in this case, than in one in which it becomes necessary for the wife to exhibit articles of the peace against the husband. And yet, in such case, that the wife's attorneys may recover in an action at law is unquestioned. *Shepherd v. Mackoul*, 3 Camp., 326; *Morris v. Palmer*, 39 N. H., 123; *Warner v. Heiden*, American Law Register, N. S. Vol. 11, Page 279.

It is further urged that the petition shows upon its face, that in the divorce suit the court ordered an amount of money to be paid by the plaintiff therein to his wife.

The petition does, incidentally show, that part of the service for which this action is brought was rendered in procuring such an order, but it does not show how much was ordered paid, nor that any part of it was intended as attorney's fees, nor that any of it was received by the attorneys as such. Nor does the demurrer direct the attention of the court to this question.

The only point made in the demurrer is, that the petition does not show that the defendant ever requested or employed the said plaintiffs or either of them to perform the services therein described, or ever promised, or is in any way liable to pay for the same. The last part of the demurrer, that petition does not show that defendant is in any way liable to pay for the services, is no more than saying that the petition does not state facts sufficient to constitute a cause of action, and presents no question for the consideration of the court. Revision § 2877. It is further urged that the petition does not show that the wife was successful in her defense, nor that the services were rendered upon the credit of the husband. Neither of these points is made by the demurrer.

It is our opinion that the petition for rehearing should be

OVERRULED.