WHARTON BRANCH v. AUGUST KLEINECKE.

(No. 1897.)

APPEAL from Galveston County. Opinion by WILLSON, J.

A. B. BUETELL, counsel for appellant.

J. R. BURNS and WALLER THOMAS BURNS, counsel for appellee.

§ 106. *Attorney's fee; liability for, of husband for defense of his suit against the wife; jurisdiction of district court to allow such fee; res adjudicata as to such fee; case stated.* Appellee August Kleinecke instituted a suit

in the district court of Galveston county against his wife, Julia E. Kleinecke, for divorce, charging her with abandonment, and with being unchaste. Julia E. Kleinecke employed appellant Branch, an attorney-at-law, to represent her in the defense of said suit, and agreed to pay him for said services $150. After said employment, she made application to said court, by her said attorney, for the appointment of an attorney to defend said suit for her, accompanying said application with her affidavit that she was too poor to pay an attorney. The court thereupon appointed said Branch her attorney to defend said suit, and he represented her in the defense thereof to its termination. When a decision of the suit was reached, said attorney applied to the court for an order allowing him a fee for his services, the same to be taxed against the husband, the plaintiff in said suit. The court refused the application. This suit was then brought by appellant in justice's court to recover of appellee $150 for said services. In justice's court judgment was rendered for the defendant, and a like judgment was rendered in the county court upon an appeal prosecuted by appellant. *Held:* There was no express contract by August Kleinecke whereby he became liable to Branch for said services. The only express contract in relation to said services was made between Branch and Julia E. Kleinecke. Therefore, it would be only upon an implied contract on the part of appellee that he could be held liable to pay for said services, if he could be held liable at all. Such an implied contract could be made to rest only upon the principle that the husband is responsible for necessaries furnished the wife. We do not decide whether the services rendered by Branch in the divorce suit are embraced within the meaning of " necessaries " for which the husband would be liable upon an implied contract. That question has not been directly determined in this state, and it is not essential to a disposition of this case that it should now be determined. In Iowa it has been held that in a divorce suit, where the wife is

charged with adultery, the services of an attorney in the defense of the suit are necessary, and that the husband is liable therefor at the suit of the attorney. [Porter v. Moir & Briggs, 38 Iowa, 166.] In other states, however, a contrary doctrine has been held. [Wing v. Hurlbut, 13 Vt. 607; Coffin v. Durham, 8 Cush. 404; McCullough v. Robinson, 2 Ind. 630.] But, even if it be conceded that the husband is liable upon an implied contract, it must be also conceded that the district court in which the divorce suit was pending had full power and jurisdiction as a court of equity to adjudicate the right of the attorney to a fee, and the amount thereof, to be taxed against the husband. This power has never been questioned in this state, that we are aware of, and it is a power which the ecclesiastical courts in England, and the chancery courts in this country, have almost uniformly recognized and exercised. It is founded upon the rule that implies a promise by the husband to pay the fees of an attorney, where the services of an attorney are necessary to the protection of the interests of the wife. In this case, this jurisdiction of the district court was properly invoked by appellant. At the proper time he applied to that court for an allowance for his fee, to be taxed against the husband. His application was based solely upon the implied obligation of the husband to pay for necessaries furnished the wife. The court entertained the application but refused to make any allowance. We regard this as *res adjudicata* in so far as any liability upon an implied obligation may have existed. Appellant having invoked the jurisdiction of the district court to determine the matter, he thereby, for all the purposes of disposing of that question, became a party to the divorce proceeding, and must be held bound by the judgment rendered adversely to his right to the fee claimed. The district court did not undertake to adjudicate upon any express promise on the part of appellee to pay for said services. If there exists such express contract, it has not been impaired or in any manner affected by said

decision of the district court, but the evidence shows that no such contract ever existed.

February 13, 1886.                              Affirmed.