Fitzsimons, J.
The defendant, a married man, refused and failed to support his wife; she applied to and received from the commissioners of charities and correction of this county authority to proceed as complainant against the defendant for non-support.
After due proceedings were taken he was” required to give a bond as required by law for her support and maintenance by a police justice.
The plaintiff’s assignor rendered legal services in said proceedings, and the plaintiff now seeks to recover the value of such service upon the theory that they were necessaries supplied the wife, and consequently he is liable therefor.
A wife, it is true, has the right to procure necessaries, and her husband is bound to pay therefor, and it has been frequently decided that legal services rendered to the wile fall within that term, but an investigation of all such cases will show that the wife was a party as plaintiff or defendant in the action for which the husband was held liable to the attorney for the value of his legal services. Such services were rendered the wife in prosecuting or defending her marital relations, and for that purpose she was justified in procuring the services of a lawyer, and his services were deemed necessaries just as much as necessary food, fuel, shelter and clothing would be, but it is to that extent, and that extent only, that a husband is liable.
In the proceeding in which the legal services sued for herein were rendered, the defendant’s wife was not a party nor were her marital rights under consideration.
It was a proceeding prosecuted by the People against the defendant for his failure to provide for her, and thus causing her to be a possible charge upon the county, and such was the issue, and the only issue possibly involved therein.
She was only a witness therein, not a party thereto. She had no right to engage counsel in that proceeding.
The People had its legal representative in the person of the corporation attorney; if he was not actually present during the progress of said proceeding,- it was not because his presence was not necessary, he was present in the eye of the law; his absence, however, would not authorize the defendant’s wife to procure other counsel and cause him to be liable for legal services rendered.
All the authorities cited by respondent, and which he claims makes the defendant liable herein, are, as before stated, based *167 upon the fact that the services for which the husband was held liable were rendered to the wife in civil actions wherein she was compelled for the purpose of protecting her status and rights as a married woman to call to her aid a lawyer.
None of the cases cited go so far as to say that a husband is liable for legal services rendered to his wife in a proceeding brought by the People against him for a violation or failure on his part to do a legal duty towards her, in which she was merely a witness for the People, and their rights only being violated or threatened.
The defendant would only be liable for the services rendered by plaintiff’s assignor upon the theory that the same were needed by his wife.
How could they be needed when she was not a, party, but only a witness, in the abandonment proceedings which are authorized by the Criminal Code, and for the purpose of preventing her from becoming a charge upon the county, and in which, as before stated, the corporation attorney is appointed by law to appear as counsel for the People, so that it is very apparent that she needed no counsel.
The legal services rendered her were not necessary, but entirely unnecessary, and, therefore, the husband is not liable therefor, no matter how valuable they were to the wife.
Under the circumstances above related, the plaintiff has no cause of action against defendant for the legal services rendered.
The ordering of a new trial would be a useless formality. The judgment herein is reversed and the complaint dismissed upon the merits, with costs.
McGrown, J. concurs.